IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD SPEARS, Individually, and on behalf of All Others Similar Situated, § § § §<br><br>Plaintiff, § §<br>v. § No. 3:11-CV-1025-GPM-DGW §<br>UNIVERSAL ENSCO, INC., § § §<br>Defendant. § | |

**DEFENDANT'S RESPONSE AND, ALTERNATIVELY,
REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant UNIVERSAL ENSCO, INC. (hereinafter, "Universal") files this Response And, Alternatively, Request For Limited Jurisdictional Discovery, in Opposition to Plaintiff's Motion to Remand, and Brief in Support.

**I.
SUMMARY**

Federal question jurisdiction exists because the plain language of the Illinois Minimum Wage Law ("IMWL") expressly requires the resolution of a disputed and substantial federal issue as a precondition to relief—whether Plaintiff was "employed in a bona fide executive [or] administrative . . . capacity . . . as defined by or covered by the Federal Fair Labor Standards Act of 1938." 820 ILCS 105/4a. The doctrine precluding federal question jurisdiction based on a federal defense was not intended to preclude federal court jurisdiction where a state statute expressly excludes overtime relief to individuals identified by the Department of Labor to be exempt from the Fair Labor Standards Act's overtime requirements. Also, the 2004 amendments to the Department of Labor's ("DOL") "white collar" regulations do not preclude removal as Plaintiff argues. The plain language of the IMWL demonstrates the Illinois legislature intended

Page | 1

to apply, to current cases, the duties test that "existed on March 30, 2003" and the current federal salary basis test. Thus, the case was properly removed based on federal question jurisdiction.

Diversity jurisdiction also exists because the amount in controversy exceeds $75,000. Plaintiff's broad complaint allegations and evidence at the moment of removal demonstrate that estimating Plaintiff's damages to be in excess of $75,000 is plausible. Plaintiff post-removal declaration cannot, as a matter of law, be used to alter the amount in controversy and defeat diversity jurisdiction. Spears' post-removal declaration creates, at best, merely a factual dispute regarding the amount in controversy; it does not compel the conclusion that it would be legally impossible, based on his complaint allegations and evidence presented at removal, for him to recover in excess of $75,000.[1] Add the fact that the cost to Defendant of complying with the injunctive relief sought by Plaintiff for any one similarly situated potential plaintiff would exceed $75,000 and it is clear that the amount in controversy threshold has been met. As discussed more fully below, Plaintiff's Motion To Remand must be denied.

## II.
## ARGUMENT AND AUTHORITIES
## IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND

**A.      Diversity Jurisdiction Exists.**

Plaintiff Gerald Spears ("Spears" of "Plaintiff") does not dispute there is complete diversity of citizenship between the parties. Instead, Plaintiff attempts, 31 days after removal, to stipulate, by declaration, that he is seeking damages less than $75,000.00. Spears believes, based on his self-serving and vague post-removal declaration, that it would be "legally impossible" for him to recover more than $75,000.00 and, thus, remand is warranted. For the reasons discussed below, Spears' motion should be denied.

---

[1]      Alternatively, as discussed herein, Universal requests limited discovery regarding the length of time Plaintiff worked in Illinois.

1. **Universal Has Presented A Plausible Estimate Of Spears' Damages Based on His Complaint Allegations and Evidence At the Moment of Removal.**

As the removing party seeking to establish diversity removal jurisdiction when the plaintiff's complaint does not identify the amount of relief sought, Universal is only required to demonstrate the amount in controversy by a preponderance of the evidence. *See Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir.2006), *cert. denied*, 551 U.S. 1115 (2007). A good-faith plausible estimate of the amount in controversy is all that is required to meet the foregoing standard. *Oshana*, 472 F.3d at 511. In evaluating whether the amount in controversy has been met, courts recognize the difficulty a defendant faces when plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims. *Id*. Thus, Universal does not need to establish what damages the plaintiff will ultimately recover, but only how much is in controversy between the parties based on the complaint allegations and evidence at the moment of removal. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir.2005). This burden is simply "a ***pleading requirement***, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir.2008)(emphasis added)(citing *Brill*, 427 F.3d at 449. Indeed, the Seventh Circuit upheld diversity jurisdiction where a defendant did not even estimate the amount of overtime and liquidated damages sought by the plaintiffs in establishing the amount in controversy. *Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 764 (7th Cir. 2011)("Although there certainly is more that SCI could have done, such as . . . estimate the amount of overtime and liquidated damages sought by the plaintiffs, or estimating the attorneys' fees and punitive damages recoverable in unpaid wage cases . . . we are satisfied that SCI provided plausible, good faith estimates demonstrating how the stakes exceed [the amount in controversy threshold]). In evaluating whether the amount in controversy has

been satisfied, the district court's focus is limited to examining evidence of the amount in controversy present at the moment the case was removed. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).

Here, even without considering Spears' attorney's fees up to the filing of removal, his estimated unpaid overtime and penalty damages are at least $84,355.00, based his broad complaint allegations and Universal's undisputed supporting payroll records. Spears alleges in his complaint he worked for Universal "between approximately April 2005 and the present."[2] *See* Pl's Comp. at p. 1, ¶ 2. Spears further alleges he was an "employee" of Universal, and that Universal was his "employer," as defined by the IMWL, "at all relevant times." *See* Pl's Comp. at p. 2, ¶¶ 6-7. Spears also alleges that he seeks to represent, during the limitations period,[3] a class of similar "field inspectors" who worked for Universal in Illinois from July 27, 2007 "until the present." *See* Pl's Comp., p. 4, ¶ 19. Clearly, when considering Spears' wide-ranging complaint allegations, estimating his overtime and penalty damages to be in excess of $75,000.00 is plausible.[4] Spears does not dispute this but, instead, attempts to argue, based on his post-removal declaration, that remand is required because he is now "only seeking to recover damages" for a shorter period of time. As explained below, Plaintiff cannot defeat removal jurisdiction in this manner.

---

[2] Spears alleges in his post-removal declaration that he worked for Universal Ensco "***from about*** April 2005 to November 22, 2010." *See* Dkt. No. 4-1 at ¶ 2. Although Spears's declaration cannot be used to alter the amount in controversy, it may be considered in determining whether the required amount was disputed. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).

[3] The IMWL is governed by a three year statute of limitations. *See*, *e.g, Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011).

[4] This is particularly true since, in the context of whether a complaint provides a defendant with sufficient notice, Spears's complaint allegations are liberally construed. *Sanders v. Sheehan*, 2010 WL 2990121 at *4 (N.D.Ill. July 26 ,2010)(citing *Glover v. Village of Oak Lawn*, No. 00 C 2515, 2000 U.S. Dist. LEXIS 18155, at *9 n. 3 (N.D.Ill.Dec.13, 2000).

### 2. Spears' Declaration, Which Simply Attempts To Alter the Amount In Controversy After Removal, Does Not Defeat Jurisdiction.

The Seventh Circuit follows *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283 (1938), which holds a district court is not deprived of jurisdiction where, as in the present case, "'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings reduces the claim below the requisite amount.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) citing *St. Paul*, 303 U.S. at 288. Furthermore, the Seventh Circuit warns that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id.* at 430 citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

Spears wholly failed to limit the scope of his original complaint allegations so that his damages would be less $75,000. This omission , based on the foregoing law, precludes Spears from now limiting the scope of his claims to a shorter time period than what he described in his complaint. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011)(to defeat removal jurisdiction, plaintiff has to irrevocably commit to accepting no more than $75,000 before the case is removed). Spears' post-removal declaration, in which he now proclaims to have worked for Universal in Illinois during a much smaller time period than what he described in his complaint, is simply a post-removal stipulation, or amendment, asserting he will accept no more than $75,000. Considering Spears' declaration for the purpose of altering the amount in controversy violates *St. Paul.* Thus, remand should be denied. Universal will now turn to Spears' argument that remand is proper because his post-removal declaration demonstrates it is "legally impossible" for him to recover more than $75,000.

### 3. Spears' Post Removal Declaration Does Not Demonstrate It Was Legally Impossible For Him To Recover More Than $75,000 When The Case Was Removed.

"[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors LTD v. Metro. Prop. & Cas.* Ins. Co., 637 F.3d 827 (7th Cir. 2011)(emphasis added). This principle does not mean, however, Plaintiff can use a post-removal affidavit to prove legal impossibility. Doing so would swallow the rule in *St. Paul*. In fact, Plaintiff has not cited a single case where a court in the Seventh Circuit held "legal impossibility" was established based on a post-removal declaration. If anything, courts have rejected the argument urged by Plaintiff.

For example, in *Oshana*, the plaintiff argued the district court's ultimate holding that she could not individually recover more than $650, as a matter of law, demonstrated it was legally impossible for her claim to have exceeded $75,000, thereby making diversity removal jurisdiction lacking. *Oshana* 472 F.3d at 513. The Seventh Circuit rejected this argument explaining "[w]hether she actually recovers more than $75,000 is immaterial; what matters is the amount out in controversy on the day of removal." *Id.* Because it was not clear "on the day of removal" that the plaintiff would not seek or recover additional damages or that her individual recovery would be less than $75,000, "[t]here is no reason to believe on the day the case was removed that it was legally impossible for the [Plaintiff] to recover more than $75,000." *Id.*

Similarly, in *Geschke v. Air Force Ass'n,* the Seventh Circuit considered *sua sponte* whether diversity jurisdiction was lacking because the defendant argued a number of the plaintiff's claims were abated, and, consequently, could not be pursued. 425 F.3d 337, 341 (7th Cir. ), *cert. denied,* 547 U.S. 1055 (2005). The court, satisfied that the amount in controversy threshold was met, reasoned, "that there may be a plausible argument that the plaintiff's claims must fail as a matter of law does not mean the court lacks jurisdiction to consider them." *Id.* "If

it were otherwise, defendants would never win in diversity cases. They could at best achieve jurisdictional dismissals, followed by new suits in state courts." *Id*.

Here, Spears simply argues that he may not ultimately recover more $75,000. This is no different, however, than the argument raised by the plaintiff in *Oshana*. In fact, the district court in *Oshana* court actually determined, as a matter of law, that plaintiff could not recover more than $650 and the Seventh Circuit still decided the amount in controversy threshold was satisfied when the case was removed.

Moreover, assuming without conceding that Spears' "bare-bones" declaration should be considered, he vaguely attests that he "worked less than six months for UEI in Illinois." Such an abstract averment hardly compels a conclusion that a recovery of more than $75,000 is "legally impossible" when viewed against his broad complaint allegations and undisputed payroll removal evidence. Notably, Spears fails to provide dates of his alleged reduced employment period in Illinois and he fails to explain whether he did or did not consider other in-state activities to be working time under the IMWL. While it may be true that the IMWL cannot apply to work performed outside of Illinois, Spears may be wrong about his length of actual employment. The Court need not, however, decide this particular fact issue. *See Geschke*, 425 F.3d at 341. For these reasons, Plaintiff's motion to remand should be denied.

> 4. **In Addition, Complying With Spear's Request For Injunctive Relief Will Result In Defendant Spending More Than $75,000 On At Least One Other Similarly-Situated Potential Plaintiff.**

In addition to, and without waiving, the foregoing grounds for diversity jurisdiction, the amount in controversy is satisfied when Spears' request for injunctive relief is considered. In his class action complaint, Spears requests injunctive relief "precluding Defendants from violating the Illinois Minimum Wage Law." *See* Pl's Comp., p. 6. When evaluating diversity jurisdiction, the amount in controversy can also be assessed by looking at the cost to the

defendant of complying with the requested injunctive relief. *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). In the context of class actions, the cost to defendant of complying with a requested injunction to change its practices can be measured by the prospective amount defendant would have to pay to one at-least one potential named plaintiff. *See Lambert v. Hughes Network Systems, LLC,* 2010 WL 3034212 at *4 (N.D.Ill. August 2, 2010).

Based on the allegations in Spears' complaint, enjoining Universal from "violating the Illinois Minimum Wage Law" would require Universal to change the way it pay similarly-situated inspectors in the future. In other words, Universal, according to Spears, would be required to compute the compensation of similarly-situated class members by the hour. This, in turn, would require Universal to pay more in overtime expenses when considering any one similarly situated potential named plaintiff. *See* Dkt. No. 7-8. For example, assuming similar work periods in the future, and, as Spears alleges, such field inspectors work 60 hours per week, Universal would have to pay at least one potential class member in excess of $75,000. *See* Dkt. 7-8 at pp. 7-8. Thus, the amount in controversy is satisfied whether considering Spears' individual claim or the cost to Universal of changing the way it computes and pays overtime to any one similarly-situated potential plaintiff class member. For these reasons, diversity removal jurisdiction exists and, therefore, Spears' motion to remand must be denied.

**B.     A Substantial Federal Question Exists.**

Under the substantial federal question doctrine, a state-law created cause of action can support federal question removal, notwithstanding the absence of a federal claim in the plaintiff's complaint or complete preemption, when: (1) the state law claim necessarily raises a stated federal issue; (2) that federal issue is substantial and disputed; and (3) the federal court can

entertain the case without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005); *Fuller v. BNSF Railway Co.*, 472 F.Supp.2d 1088, 1094 (S.D. Ill. 2007).

A close reading of Spears' motion reveals the foregoing elements are not really disputed. For example, Spears does not dispute that whether he and other class members are "employed in a bona fide executive [or] administrative . . . capacity . . . as defined by or covered by the Federal Fair Labor Standards Act of 1938" is a federal question. *See* Pl's Response, Dkt. No. 4, pp. 2-6. Spears also does not dispute that the IMWL expressly requires the resolution of such question; thus, the stated federal issue is substantial and disputed. *Id*. Spears also fails to explain how, in view of the concurrent jurisdiction shared by the FLSA and the IMWL, removing the relatively smaller group of cases in which a white collar exemption would apply would upset any identifiable "congressionally approved balance of federal and state judicial responsibilities." Instead, Spears argues federal question removal jurisdiction is precluded by the federal defense doctrine and the amendments to the white collar exemption duties test.[5] Universal addresses each element of the substantial federal question test as well as Spears arguments.

        **a.**        **The IMWL Clearly and Necessarily Raises A Stated Federal Issue.**

The plain language of the IMWL clearly raises a federal issue. The overtime provisions of the Illinois Minimum Wage Law, provide, in relevant part:

> Sec. 4a. (1) Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation

---

[5] Determining whether an employee is an exempt executive or administrative employee requires the satisfaction of two tests: (1) the duties test and the (2) salary basis test. *See, e.g.,* 29 C.F.R. § 541.100 and 541.200 (the executive and administrative duties tests, respectively) and 541.600 and 541.602 (the salary basis test). The IMWL adopted the pre-2004 amendment duties tests but follows the current salary basis test. *See* 820 ICLS 105/4a.

>for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.
>
>(2) The provisions of subsection (1) of this Section are ***not applicable*** to:
>
> * * *
>
>E. *Any employee employed in a bona fide executive, administrative or professional capacity, including any radio or television announcer, news editor, or chief engineer, as defined by or covered by the <u>Federal Fair Labor Standards Act</u> of 1938 and the rules adopted under that Act, as both exist on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations* as proposed in the Federal Register on March 31, 2003 or a greater amount of salary as may be adopted by the United States Department of Labor.

820 ILCS 105/4a (emphasis added). As previously noted, Spears does not contest this issue. And, unlike the line of state-law tort claims cases relied on by Spears, the plain language of the IMWL expressly states and invokes the federal issue.

### b.     The Stated Federal Issue Is Substantial and Disputed.

The plain language of the IMWL, quoted above, excludes relief to individuals determined to be exempt executive and administrative employees by the Department of Labor and FLSA. Thus, contrary to Spears' argument, the federal issue is more than just "present," it is a disputed issue that will determine liability under the IMWL. *See, e.g., Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007)("defendants do not contend, nor did the district court find, that resolution of this suit revolves around any particular disputed federal issue"); *Napoleon Hardwoods v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 823 (7th Cir. 1993)(defendant arguably stated federal element of state breach of contract claim by arguing federal COBRA regulation precluded liability, but liability under COBRA was <u>not</u> disputed).

        **c.**      **Because the FLSA also provides private cause of action, the balance of judicial responsibilities would not be disturbed.**

In addition to the foregoing, exercising federal question removal jurisdiction would not upset any congressionally approved balance of federal and state judicial responsibilities. Cases evaluating this element have declined federal question jurisdiction where the federal statute at issue did not create a federal cause of action. *See Fuller*, 472 F.Supp.2d at 1095. Indeed, the FLSA and IMWL have concurrent jurisdiction over the stated federal issue.

    **2.**    **A Federal Defensive Plea Is Precluded From Serving As A Basis For Removal When the Claim Rests Only On State Law.**

Universal agrees that a defensive plea would not normally invoke federal question jurisdiction. *See City of Chicago v. Comcast Cable Holdings, L.L.C.,* 384 F.3d 901, 904 (7th Cir. 2004). But this doctrine applies where the claim itself rests on state or local law. *Id.* That is not the case here.

By expressly excluding coverage under the IMWL overtime statute to those determined to be exempt executive and administrative employees, Spears' IMWL overtime claim does not rest on the IMWL, it depends on the meaning of federal law and regulations. *Id* (federal defense does not supply jurisdiction if the claim itself rests on state or local law). Furthermore, the line of cases precluding federal question based on a defense, including those relied on by Spears, do not preclude federal question removal jurisdiction based on a state statute that expressly conditioned relief on the meaning of a federal statute and regulations; those cases stand for the proposition that a defensive plea not otherwise stated in state law claim cannot support federal question jurisdiction. *See, e.g., Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)(defensive plea of claim preclusion not sufficient to raise federal court).

The case *Wiley v. Trendwest Resorts, Inc.* supports Universal's request for removal on substantial federal question grounds. 2005 U.S. Dist. LEXIS 35568 (N.D. Ca. May 3, 2005). In *Wiley*, the plaintiff employees, on behalf of themselves and others similarly situated, sued the defendants for restitution for overtime pursuant to California Business and Professions Code §17200. *Id*. at *2. While the defendant admitted that the plaintiffs had brought their claim under the California statute and not the Fair Labor Standards Act, the defendant contended "that the 'artful pleading doctrine'[6] preclude[d] Plaintiffs from avoiding federal jurisdiction simply by casting in state law terms a claims that actually is based on federal law." *Id*. at *4. The Court held that the plaintiffs "failed to show that their right to relief d[id] not necessarily depend on the resolution of a substantial question of federal law." *Id*. at *7-8. The Court further explained:

> Although Plaintiffs argue that their first cause of action is predicated on a "well-settled portion" of the FLSA, Plaintiffs do not -- and cannot -- deny that their entitlement to relief under their first cause of action depends on whether the Court finds that Trendwest's sales personnel fall within the FLSA's "inside salesperson" exemption. *It is precisely this analysis that establishes federal question jurisdiction.*

[emphasis added]. *Id*. at *8. As such, like *Wiley*, Spears' claim necessarily requires the analysis of whether employees are exempt under the 820 ILCS 105/4a of the IMWL. *See also, Harper v. Massey Coal Services, Inc.*, 2011 U.S. Lexis 10891 at * 15 (S.D. W. Va. February 2, 2011)(state statute excludes employer where FLSA covers at least 80 percent of its employees).

### 3. Spears' Argument That the IMWL Cannot Invoke Federal Question Jurisdiction Because of the 2004 Amendments Is Without Merit.

Finally, The plain language of the IMWL demonstrates the Illinois legislature intended to apply, to current cases, the duties test that "existed on March 30, 2003" and the current federal salary basis test. Spears' argument that the 2004 amendments to the duties test preclude the

---

[6] The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction' by recharacterizing a plaintiffs state law claim as a federal claim. *Id*. at *5.

application of pre-2004 DOL regulations is without merit and contrary to the express language of the IMWL. Courts frequently apply pre-2004 DOL regulations when required. *See Roe-Midgett v. CC Services, Inc.*, 512 F.3d 865, 871 (7the Cir. 2008); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 370 (7th Cir. 2005). For these reasons, federal question removal jurisdiction exists, and Spears' motion should be denied.

### III.
### REQUEST FOR EXPEDITED AND LIMITED JURISDICTIONAL DISCOVERY

Universal believes either diversity or federal question removal jurisdiction exits. Without waiving the foregoing, however, Universal requests time to conduct limited expedited discovery on the amount in controversy issue. And, if necessary, Universal requests that the court postpone any ruling on Plaintiff's motion to remand until such discovery is completed. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953-54 (10th Cir. 2008).

**WHEREFORE,** Defendant UNIVERSAL ENSCO, INC. prays, for the reasons set forth herein, that Plaintiff Gerald Spears' Motion to Remand be denied in its entirety and for such further relief to which it is entitled.

Date: January 23, 2011

        Respectfully Submitted,

        **COZEN O'CONNOR**
        /s/ Charles H. Wilson
        Charles H. Wilson
        State Bar Number 00797678
        Federal Bar No. 34581
        Cozen O'Connor
        1000 Louisiana, Suite 5400
        Houston, Texas 77002
        Telephone: (713) 750-3100
        Facsimile: (713) 750-3101
        Nicole J. Moody (ARDC #729229)

Cozen O'Connor
333 W. Wacker Dr. Suite 1900
Chicago, IL 60614
Telephone: (312)382-3100
Facsimile: (312)382-8910

Attorneys for Defendant
**UNIVERSAL ENSCO, INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing **Response** was filed and served electronically upon all counsel of record below through the Court's CM/ECF electronic filing system on January 23, 2012.

Douglas M. Werman
Werman Law Office, P.C.
77 Washington, Suite 1402
Chicago, IL 60602

dwerman@flsalaw.com,
dstevens@flsalaw.com,
ecf@flsalaw.com,
jvillanueva@flsalaw.com,
mbantz@flsalaw.com

                /s/ Charles H. Wilson
                Charles H. Wilson
                State Bar Number 00797678
                Federal Bar No. 34581
                Cozen O'Connor
                One Houston Center
                1221 McKinney Street
                Suite 2900
                Houston, TX 77010
                Direct: 713.750.3117

                and

                Nicole J. Moody (ARDC #729229)
                Cozen O'Connor
                333 W. Wacker Dr. Suite 1900
                Chicago, IL 60614
                Telephone: (312)382-3100
                Facsimile: (312)382-8910

                Attorneys for Defendant
                **UNIVERSAL ENSCO, INC.**