**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GERALD SPEARS, Individually, and on behalf of All Others Similar Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **No. 3:11-CV-1025-GPM-DGW** |
| **UNIVERSAL ENSCO, INC.,** | § § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE AND, ALTERNATIVELY,**
**REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY**
**IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Respectfully Submitted,

**COZEN O'CONNOR**

/s/ Charles H. Wilson
Charles H. Wilson
State Bar Number 00797678
Federal Bar No.  34581
Cozen O'Connor
1000 Louisiana, Suite 5400
Houston, Texas 77002
Telephone:  (713) 750-3100
Facsimile:   (713) 750-3101

Nicole J. Moody (ARDC #729229)
Cozen O'Connor
333 W. Wacker Dr. Suite 1900
Chicago, IL 60614
Telephone: (312)382-3100
Facsimile: (312)382-8910
Attorneys for Defendant
**UNIVERSAL ENSCO, INC.**

## Table of Contents

Page

I.   THE ISSUES ................................................................................................ 1

II.  SUMMARY OF THE ARGUMENTS ......................................................... 2

III. RELEVANT PROCEDURAL HISTORY ................................................... 3

IV.  ARGUMENT AND AUTHORITIES ........................................................... 4

    A.   **Diversity Jurisdiction Exists Because The Amount In Controversy Exceeds $75,000.00.** ............................................................ 4

        1.   Universal's Estimates of Spears' Complaint Allegations Are Plausible. ........ 4

        2.   The Language of the IMWL Does Not Limit Its Application To Work Physically Performed By Illinois Resident Employees For Employers Who Do Business In Illinois. ........................................................... 7

        3.   Spears' Post Removal Declaration May Highlight the *Scope* of the Parties' Dispute But It Cannot Be Used To Defeat Diversity Jurisdiction. .................. 8

        4.   Spears' Post Removal Declaration Does Not Demonstrate It Was Legally Impossible For Him To Recover More Than $75,000 When The Case Was Removed. ................................. 9

        5.   In Addition, Complying With Spear's Request For Injunctive Relief Will Result In Defendant Spending More Than $75,000 On At Least One Other Similarly-Situated Potential Plaintiff. ................................... 12

        6.   Even if the Court Relies On Spears' Post-Removal Declaration And Universal Employs Plaintiff's Methodology, The Amount in Controversy Still Exceeds $75,000. .......................................... 13

    B.   **Federal Question Jurisdiction Exists Under The Substantial Federal Question Doctrine.** ............................................................................. 14

        1.   The Illinois Administrative Code Further Demonstrates That The IMWL Incorporates and Defers to the Provisions of The FLSA .............. 15

        2.   The Plain Language of the IMWL Clearly Requires The Resolution Of A Federal Issue. .................................................................. 16

        3.   The Stated Federal Issue Is Substantial and Disputed. ..................... 17

        4.   Because the FLSA Also Provides Private Cause Of Action, The Balance Of Judicial Responsibilities Would Not Be Disturbed. ................... 17

        5.   A Federal Defensive Plea Is Precluded From Serving As A Basis For Removal When the Claim Rests Only On State Law. ..................... 17

        6.   Spears' Argument That the IMWL Cannot Invoke Federal Question Jurisdiction Because of the 2004 Amendments Is Without Merit. ............ 19

V.   REQUEST FOR EXPEDITED AND LIMITED ...................................... 19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*All Others Similarly Situated v. Universal Ensco, Inc.*,
  Case No. 11-L-1057 ..............................................................................4

*Back Doctors LTD v. Metro. Prop. & Cas.* Ins. Co.,
  637 F.3d 827 (7th Cir. 2011) .................................................................9

*BEM I, L.L.C. v. Anthropologie, Inc.*,
  301 F.3d 548 (7th Cir. 2002) .................................................................6

*Bennett v. Southwest Airlines Co.*,
  484 F.3d 907 (7th Cir. 2007) ...............................................................17

*Blomberg v. Service Corp. Intern.*,
  639 F.3d 761 (7th Cir. 2011) ............................................................5, 7

*Brill v. Countrywide Home Loans, Inc.*,
  427 F.3d 446 (7th Cir.2005) ..................................................................5

*Carroll v. Stryker Corp.*
  658 F.3d 675 (7th Cir. 2011) ....................................................8, 10, 11

*Chase v. Shop 'N Save Warehouse Foods, Inc.*,
  110 F.3d 424 (7th Cir. 1997) .............................................................5, 9

*City of Chicago v. Comcast Cable Holdings, L.L.C.*,
  384 F.3d 901 (7th Cir. 2004) .........................................................17, 18

*Fuller v. BNSF Railway Co.*,
  472 F.Supp.2d 1088 (S.D. Ill. 2007)...............................................14, 17

*Geschke v. Air Force Ass'n*
  425 F.3d, 337, 341 (7th Cir.), cert. denied, 547 U.S. 1055 (2005)........10

*Glass v. Kemper Corporation*,
  920 F.Supp 928 (N.D. Ill. 1996) ...........................................................7

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
  545 U.S. 308 (2005)..............................................................................14

*Harper v. Massey Coal Services, Inc.*,
  2011 U.S. Lexis 10891 (S.D. W. Va. February 2, 2011)........................19

*Hertz Corp. v. Friend*,
130 S.Ct. 1181 (2010) .........................................................................................8

*In re Shell Oil Co.*,
970 F.2d 355 (7th Cir. 1992) ...............................................................................9

*Kahn v. Van Remmen, Inc.*
756 N.E.2d 902 (Ill. App. 2001) .......................................................................7, 8

*Lambert v. Hughes Network Systems, LLC*,
2010 WL 3034212 (N.D.Ill. August 2, 2010) .....................................................12

*McPhail v. Deere & Co.*,
529 F.3d 947 (10th Cir. 2008) ............................................................................20

*Napoleon Hardwoods v. Professionally Designed Benefits, Inc.*,
984 F.2d 821 (7th Cir. 1993) ..............................................................................17

*Oshana v. Coca–Cola Co.*,
472 F.3d 506 (7th Cir.2006), *cert. denied*, 551 U.S. 1115 (2007)................................. passim

*Rivet v. Regions Bank of Louisiana*,
522 U.S. 470 (1998)............................................................................................18

*Spivey v. Vertrue, Inc.*,
528 F.3d 982 (7th Cir.2008) .................................................................................5

*St. Paul Mercury Indemnity Company v. Red Cab Company*,
303 U.S. 283 (1938)...................................................................................8, 9, 10

*Stout v. Universal Ensco, Inc.*,
Case No. 4:10-cv-01942 (S.D. Tex. 2010) .........................................................3, 4

*Uhl v. Thoroughbred Technology and Telecommunications, Inc.*,
309 F.3d 978 (7th Cir. 2002) ..............................................................................12

*Walton v. Bayer Corp.*,
643 F.3d 994 (7th Cir. 2011) ...............................................................................9

*Wiley v. Trendwest Resorts, Inc.*
2005 U.S. Dist. LEXIS 35568 (N.D. Ca. May 3, 2005) ........................................18

*Williams-Green v. J. Alexander's Restaurants, Inc.*,
277 F.R.D. 374 (N.D.Ill. 2011)............................................................................7

## STATUTES

820 ILCS 105/2 and 105/3(c) and (d) ..................................................................8

820 ILCS 105/4a ...........................................................................................................3, 16, 19

California Business and Professions Code §17200 ...............................................18, 19

Code 210.100 (2012) ...............................................................................................15

Code 210.160 (2012) ...............................................................................................15

Federal Fair Labor Standards Act of 1938...........................................................2, 14

Section 541.600 of Title 29 of the Code .....................................................................2

U.S. Department of Labor under the Fair Labor Standards Act of 1938.....................15

**OTHER AUTHORITIES**

29 C.F.R. § 541.100 and 541.200 ............................................................................15

Rule 23 of the Federal Rules of Civil Procedure ........................................................3

Rule 23 ...................................................................................................................3, 4

Rule 23's ....................................................................................................................3

Rule 216(b) .................................................................................................................3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD SPEARS, Individually, and on behalf of All Others Similar Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:11-CV-1025-GPM-DGW |
| UNIVERSAL ENSCO, INC., | § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE AND, ALTERNATIVELY,
REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant UNIVERSAL ENSCO, INC. (hereinafter, "Universal") files this Response And, Alternatively, Request For Limited Jurisdictional Discovery, in Opposition to Plaintiff Gerald Spear's (hereinafter "Spears") Motion to Remand, and Brief in Support.

**I.
THE ISSUES**

The properly framed issues for the court to resolve are:

(1)    Whether $75,000 is in controversy where it is uncertain from Spears' complaint, pre-removal evidence, and the Illinois Minimum Wage Law ("IMWL") that he did not work for Universal, as defined by the IMWL, during the entire applicable limitations period and therefore could not recover more than $75,000.00;

(2)    Whether, alternatively, in determining the value of injunctive relief from Universal's perspective, any one potential named plaintiff in class actions can be considered to establish the amount in controversy requirement; and

(3)    Whether federal question jurisdiction exists based on the substantial federal question doctrine where the IMWL expressly conditions relief on a determination of whether Spears is, or is not, exempt as defined by the Fair Labor Standards Act and regulations created and implemented by the Secretary of Labor.

**II.**
## SUMMARY OF THE ARGUMENTS

More than $75,000 is in controversy because Spears' original complaint allegations, pre-removal evidence, and IMWL establish the parties dispute whether he worked within the definition and definition of the IMWL, during the entire relevant limitations period, and Spears did nothing to stipulate otherwise ***before*** the case was removed. Spears' vague post-removal declaration does not establish, for the purpose of his motion to remand, that it was ***legally*** impossible for him to recover more than $75,000.00, when the case was filed or removed. At best, Spears' declaration may highlight the legal and factual scope of the parties' dispute, but it certainly does not divest jurisdiction from the Court to ultimately decide such dispute on the merits. Alternatively, the amount in controversy exceeds $75,000.00 when considering, from Universal's viewpoint, the value of Spears' claim for injunctive relief based on any one similarly situated potential named plaintiff. Case law does not preclude considering a potential named plaintiff in class actions to establish the value of injunctive relief when determining the amount of controversy.

Federal question jurisdiction also exists under the substantial federal question doctrine. The plain language of IMWL expressly requires the resolution of a disputed and substantial federal issue as a precondition to relief—whether Spears was "employed in a bona fide executive [or] administrative . . . capacity . . . as defined by or covered by the Federal Fair Labor Standards Act of 1938 *and the rules adopted under that Act*, as *both exist* on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations *as proposed* in the Federal Register on March 31, 2003 *or a greater amount of salary as may be adopted* by the United States Department of

Labor." 820 ILCS 105/4a (emphasis added). Spears' arguments, including his reliance on inadmissible website hearsay, taken out of context, cannot change the foregoing undisputed plain statutory language. The defensive plea doctrine was not intended to apply where a state statute specifically and expressly relies on the interpretation of federal law as a condition to relief. The Supreme Court's major concern, in the line of defensive plea cases relied on by Spears, was shifting entire cases to federal court when a federal cause of action addressing the subject matter did not otherwise exist. As explained and discussed herein, Spears' Motion To Remand must be denied.

### III.
### RELEVANT PROCEDURAL HISTORY

On July 27, 2010, Spears filed his class action IMWL claim in a Houston, Texas federal court. *See Stout v. Universal Ensco, Inc.*, Case No. 4:10-cv-01942 (S.D. Tex. 2010) (Dkt. No. 24). Spears pursued his IMWL and FLSA claims under both Rule 23 of the Federal Rules of Civil Procedure and Rule 216(b) of the Fair Labor Standards Act ("FLSA"). *See Stout*, *e.g.*, Dkt. No. 24, at ¶¶ 1, 7, 21, 19, and 23.

On October 22, 2010, Universal filed a "Motion To Strike or, Alternatively, Dismiss Plaintiffs' State Law Class Action Claims" arguing the FLSA's collective action opt-in mechanism was irreconcilable with Rule 23's opt-out scheme. *See Stout* (Dkt. No. 51). Spears responded on November 11, 2010 stating its disagreement with Universal's position but concluded "Plaintiffs will agree to dismiss their state law claims." *See Stout* (Dkt. No. 55).

On November 17, 2010, Universal, in view of Spears' response, asked the Court to strike his Rule 23 claims and retain supplemental jurisdiction over his individual IMWL claim, which

was the relief Universal requested in its motion.  *See Stout* (Dkt. No. 57).[1]  On September 22,

2011, Judge Hoyt entered an Order dismissing Plaintiffs' state law claims in their entirety.  *See*

*Stout*, Dkt. No. 88.

Afterwards, Spears re-filed the his overtime claims in Illinois State Court.  *See Gerald*

*Spears, individually, and on behalf of All Others Similarly Situated v. Universal Ensco, Inc.*,

Case No. 11-L-1057, Madison County, Illinois.  Universal removed the case to this Court on

November 18, 2011.  *See* Dkt. No. 3.

**IV.**
**ARGUMENT AND AUTHORITIES**

**A.   Diversity Jurisdiction Exists Because The Amount In Controversy Exceeds
      $75,000.00**.

Spears does not dispute there is complete diversity of *citizenship* between the parties.

Thus, the only issue is whether more than $75,000.00 is in controversy.  As discussed below,

Spears' complaint allegations, the pre-removal evidence and the IMWL demonstrate the

controversy exceeds $75,000.00.

**1.      Universal's Estimates of Spears' Complaint Allegations Are Plausible.**

In order demonstrate removal is proper, in view of Spears' failure to limit the scope of his

complaint damages, Universal is only required to demonstrate the amount in controversy by a

preponderance of the evidence, which means "showing facts ***suggesting***" the amount in

controversy requirement is met.  *See Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th

Cir.2006), *cert. denied*, 551 U.S. 1115 (2007).  The amount in controversy is the amount

required to satisfy a plaintiff's demands in full on the day the suit begins or the day the suit is

---

[1]       Spears filed a sur-reply on November 17, 2010, requesting dismissal of his state law claims or retention of
his state law claims, permitting them to demonstrate that they meet the requirements of Rule 23.  *See Stout*, Dkt. No.
58.  Universal reiterated its position that the Court may retain jurisdiction over Spear's individual state law claims
and that they only requested dismissal of Plaintiffs' Rule 23 state law class action claims.  *See Stout*, Dkt. No. 59.

4

removed.  *Id* at 510-511.  A good-faith plausible estimate of the amount in controversy is all that is required to meet the foregoing standard. *Id*.  The district court's focus, in determining whether more than $75,000 is in controversy, is limited to examining the complaint and any evidence of the amount in controversy present at the moment the case was removed.  *Id; Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).

Contrary to Spears' assertion,[2] Universal is not required to establish the amount of damages the plaintiff may ultimately recover, but only how much is in controversy between the parties based on the complaint allegations and evidence at the moment of removal.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir.2005).  Courts recognize the difficulty a defendant faces when plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims. *Id.* Thus, the removing party's burden is simply "a ***pleading requirement***, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir.2008)(emphasis added)(citing *Brill*, 427 F.3d at 449.  Indeed, the Seventh Circuit upheld diversity jurisdiction where a defendant did not even estimate the amount of overtime and liquidated damages sought by the plaintiffs in establishing the amount in controversy.  *Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 764 (7th Cir. 2011)("Although there certainly is more that SCI could have done, such as  . . . estimate the amount of overtime and liquidated damages sought by the plaintiffs, or estimating the attorneys' fees and punitive damages recoverable in unpaid wage cases . . . we are satisfied that SCI provided plausible, good faith estimates demonstrating how the stakes exceed [the amount in

---

[2]    Spears asserts the case should be remanded (and implies sanctions are warranted) because Universal fails to mention the specific dates Spears ***physically*** worked in Illinois.  *See* Dkt. No. 13 at ¶¶ 12-13.  Universal is not, however, required to prove the amount of time Spears physically worked in Illinois in order to remove the case; rather, Spears was required to allege sufficient facts limiting the amount in controversy before the case was removed.  Moreover, as discussed in parts IV.A.2 through 4 of Universal's motion, even if the parties now agreed on the duration of time Spears ***physically*** worked in Illinois (and they do not), that would not mean Universal failed to plausibly estimate Spears alleged damages to be in excess of $75,000.00, or that Spears has demonstrated, for the purpose of his motion to remand, it is legally impossible for him to recover more than $75,000.00.

controversy threshold]).

In this case, even without considering Spears' attorney's fees up to the day the case was removed, his estimated unpaid overtime and penalty damages are *at least* $84,355.00, based his complaint allegations and Universal's removal evidence consisting of relevant affidavits, statistical calculations of Spear's damages, and payroll documents. *See* Dkt. No. 2-1 at pp. 17-20, ¶¶ 3-14; Dkt. No. 2-1 at pp. 23-96.

For example, Spears alleges in his complaint he worked for Universal "between approximately April 2005 and the present."[3]  *See* Pl's Comp. at p. 1, ¶ 2. Spears further alleges he was an "employee" of Universal, and that Universal was his "employer," as defined by the IMWL, "at all relevant times." *See* Pl's Comp. at p. 2, ¶¶ 6-7.  Spears alleges he is a resident of Illinois and, as such, "worked" for Universal in this judicial district. *Id* at ¶¶ 5. Spears asserts he worked at least 60 hours per week for Universal and that "Universal's time sheets underestimate the hours [he] worked." *Id* at ¶ 14.  Spears further alleges he seeks to represent, during the limitations period, a class of similar "field inspectors" who worked for Universal in Illinois from July 27, 2007 "until the present." *See* Pl's Comp., p. 4, ¶ 19.  Universal presented Spears' payroll data and evidence properly calculating his overtime and penalty damages based on Spears' allegations. Dkt. No. 2-1 at pp. 17-20, ¶¶ 3-14.[4]

In addition, Spears' alleged damages are likely ***more*** than Universal's estimates because Universal calculated Spears' unpaid overtime for a three-year period of time before he filed suit.

---

[3]      Spears alleges in his post-removal declaration that he worked for Universal Ensco "***from about*** April 2005 to November 22, 2010." *See* Dkt. No. 4-1 at ¶ 2.  Although Spears's declaration cannot be used to alter the amount in controversy, it may be considered in determining whether the required amount was disputed. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7ᵗʰ Cir. 2002).

[4]      Spears does not dispute the formulas used by Universal to calculate his overtime and penalty damages. Spears also does not dispute that Universal's calculations are correct.  Spears simply asserts Universal's calculations overstate Spears' damages because he believes they should be limited to the amount of time he physically worked in Illinois, which he now declares was "less than six months."

6

Spears, however, asserts the statute of limitations was tolled during the pendency of his federal court class action claim in Houston, Texas, which he filed on July 27, 2010 and dismissed on November 11, 2010. *See* Pl's Comp. at p. 2, note 2. If Spears' tolling argument is correct, his claimed damages would increase by at least another five months, approximately, of alleged improperly withheld overtime.

Finally, Spears' claim (the alleged failure the pay him the proper amount of overtime), according to his allegations, may be governed by either a three (3) or five (5) year statute of limitations. *See*, e.g, *Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011)(IMWL claims are governed by a three (3) year statute of limitations and IMWP (Illinois Minimum Wage Payment Act) claims are governed by a five (5) year statute of limitations). Although Spears' claim is currently limited to the IMWL, he could amend his complaint to seek a longer statute of limitations period for unpaid overtime. *See, e.g., Williams-Green v. J. Alexander's Restaurants, Inc.,* 277 F.R.D. 374 (N.D.Ill. 2011)(plaintiff pursued failure to pay proper overtime under both IMWL and IMWP). *See also, Oshana*, 472 F.3d at 512 (court explained, as another reason defendant's amount in controversy estimate was plausible, plaintiff could amend her complaint to seek punitive damages under applicable statute). For the foregoing reasons, the amount in controversy is plausibly in excess of $75,000.00.

> **2.   The Language of the IMWL Does Not Limit Its Application To Work Physically Performed By Illinois Resident Employees For Employers Who Do Business In Illinois.**

Spears asserts, post-removal, that because he physically worked in Illinois less than six months, his damages do not exceed the $75k threshold. As Spears' notes, however, through his reliance on the *Kahn* case, the IMWL applies to employees and employers who ***reside*** in Illinois. *Kahn v. Van Remmen, Inc.* 756 N.E.2d 902, 913 (Ill. App. 2001). *See also, Glass v. Kemper*

*Corporation*, 920 F.Supp 928,   (N.D. Ill. 1996)(Wage Payment Act applies only to Illinois employees working for Illinois employers).

Spears' reliance on *Kahn* is misplaced because the limited issue in that case was whether the defendant-employer did business in Illinois for the purpose of establishing *personal* jurisdiction.  *Kahn*, 756 N.E.2d at 906.  The court agreed that applying the Wage Payment Act to a *non-resident employer* would violate the extraterritorial rule.  *Id* at 913.  The court in Kahn made clear it was not, however, creating an "all-encompassing definition of employers in this State for the purpose of the Wage Act." *Id* at 913.

Moreover, the IMWL does not, on its face, limit the terms "employee" or "employer" to resident employees who only physically work in the state of Illinois for employers over which there is personal jurisdiction.  *See* 820 ILCS 105/2 and 105/3(c) and (d).[5]  This is another reason the amount in controversy exceeds $75,000.  *See Carroll v. Stryker Corp*. 658 F.3d 675, 679-681 (7th Cir. 2011)(the amount in controversy exceeded $75,000.00 despite the plaintiff's lack of limiting damages allegations because the face of the statute at issue and plaintiff's complaint did not make clear he was precluded from recovering more than $75,000.00).   Thus, because Spears, who is an Illinois resident, alleges he worked for Universal (which did business in Illinois) for at least three years, it is plausible, for the purposes of removal, to estimate Spears' entire period of employment for Universal during the applicable limitations period.

### 3.    Spears' Post Removal Declaration May Highlight the *Scope* of the Parties' Dispute But It Cannot Be Used To Defeat Diversity Jurisdiction.

Spears vague declaration may be considered in determining the scope of the dispute, but it cannot serve as a basis to divest the Court of jurisdiction.  The Seventh Circuit follows *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283 (1938), which holds a district

---

[5]      By asserting it does business in Illinois, Universal  is not asserting it is a *citizen* of Illinois for the purpose of removal.   *See Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

court is not deprived of jurisdiction where, as in the present case, "'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings reduces the claim below the requisite amount.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) citing *St. Paul*, 303 U.S. at 288. Furthermore, the Seventh Circuit warns that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id*. at 430 citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). To defeat removal, it must be clear, on the day of removal, that the plaintiff would not seek more than $75,000.00. *See Oshana*, 472 F.3d at 513.

Spears wholly failed to limit the scope of his original complaint allegations, before removal, so that his damages would be less $75,000. Consequently, Spears is precluded from attempting to limit the scope of his claims to a shorter time period than what he described in his complaint. *See, e.g.*, *Walton v. Bayer Corp*., 643 F.3d 994, 998 (7th Cir. 2011)(to defeat removal jurisdiction, plaintiff has to irrevocably commit to accepting no more than $75,000 before the case is removed). Spears' post-removal declaration, in which he now proclaims to have physically worked for Universal in Illinois during a much smaller time period than what he described in his complaint, is simply a post-removal stipulation in which he declares he seeks less than $75,000.00. Considering Spears' declaration for the purpose of altering the amount in controversy violates *St. Paul.* Thus, remand should be denied.

### 4. Spears' Post Removal Declaration Does Not Demonstrate It Was Legally Impossible For Him To Recover More Than $75,000 When The Case Was Removed.

"[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors LTD v. Metro. Prop. & Cas.* Ins.

Co., 637 F.3d 827 (7th Cir. 2011)(emphasis added).  This principle does not mean, however, Plaintiff can use a post-removal affidavit to prove legal impossibility.  Doing so would swallow the rule in *St. Paul*.  In fact, Plaintiff has not cited a single case where a court in the Seventh Circuit held "legal impossibility" was established based on a post-removal declaration.  If anything, courts have rejected the argument urged by Plaintiff.

For example, in *Oshana*, the plaintiff argued the district court's ultimate holding that she could not individually recover more than $650, as a matter of law, demonstrated it was legally impossible for her claim to have exceeded $75,000, thereby making diversity removal jurisdiction lacking.  *Oshana* 472 F.3d at 513.  The Seventh Circuit rejected this argument explaining "[w]hether she actually recovers more than $75,000 is immaterial; what matters is the amount out in controversy on the day of removal." *Id*.  Because it was not clear "on the day of removal" that the plaintiff would not seek or recover additional damages or that her individual recovery would be less than $75,000, "[t]here is no reason to believe on the day the case was removed that it was legally impossible for the [Plaintiff] to recover more than $75,000." *Id*.

Similarly, in *Geschke v. Air Force Ass'n,* the Seventh Circuit considered *sua sponte* whether diversity jurisdiction was lacking because the defendant argued a number of the plaintiff's claims were abated, and, consequently, could not be pursued.  425 F.3d 337, 341 (7th Cir. ), *cert. denied,* 547 U.S. 1055 (2005).  The court, satisfied that the amount in controversy threshold was met, reasoned, "that there may be a plausible argument that the plaintiff's claims must fail as a matter of law does not mean the court lacks jurisdiction to consider them." *Id*.  "If it were otherwise, defendants would never win in diversity cases.  They could at best achieve jurisdictional dismissals, followed by new suits in state courts." *Id*.

Finally, in *Stryker Corp.*, a case relied on by Spears (*See* Dkt. No. 13 at p. 16), the Seventh Circuit ruled the amount in controversy exceeded $75,000.00 despite the plaintiff's lack of limiting damages allegations because the face of the statute at issue and plaintiff's complaint did not make clear he could not recover more than $75,000.00. 658 F.3d 675, 679-681 (7th Cir. 2011). In so ruling, the Seventh Circuit explained the "legal-certainty test sets the bar high for excluding federal subject matter jurisdiction and for good reason: District courts should not get bogged down on the merits to determine if jurisdiction exists." *Id* at 681.

Here, Spears simply argues that he may not ultimately recover more $75,000. This is no different, however, than the argument raised by the plaintiff in *Oshana* or the fact scenario addressed in *Striker*. In fact, the district court in *Oshana* court actually determined, as a matter of law, that plaintiff could not recover more than $650 and the Seventh Circuit still decided the amount in controversy threshold was satisfied when the case was removed.

Moreover, assuming without conceding that Spears' "bare-bones" declaration should be considered, it hardly compels a conclusion that a recovery of more than $75,000 is "legally impossible" when viewed against the language of the IMWL, his broad complaint allegations and undisputed payroll removal evidence. Spears may be correct or incorrect that the IMWL cannot apply to work he physically performed outside of Illinois, and, he may be wrong about his length of actual employment. The Court need not, however, decide these particular issues at this time. *See Geschke*, 425 F.3d at 341. For these reasons, Plaintiff's motion to remand should be denied.

11

**5.    In Addition, Complying With Spear's Request For Injunctive Relief Will Result In Defendant Spending More Than $75,000 On At Least One Other Similarly-Situated Potential Plaintiff.**

In addition to, and without waiving, the foregoing grounds for diversity jurisdiction, the amount in controversy is satisfied when Spears' request for injunctive relief is considered.   In his class action complaint, Spears requests injunctive relief "precluding Defendants from violating the Illinois Minimum Wage Law."   *See*  Pl's Comp., p. 6.  When evaluating diversity jurisdiction, the amount in controversy can also be assessed by looking at the cost to the defendant of complying with the requested injunctive relief.   *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002).  In the context of class actions, the cost to defendant of complying with a requested injunction to change its practices can be measured by the prospective amount defendant would have to pay to one at-least one potential named plaintiff.   *See Lambert v. Hughes Network Systems, LLC,* 2010 WL 3034212 at *4 (N.D.Ill. August 2, 2010).

Based on the allegations in Spears' complaint, enjoining Universal from "violating the Illinois Minimum Wage Law" would require Universal to change the way it pays similarly-situated inspectors in the future.  In other words, Universal, according to Spears, would be required to compute the compensation of similarly-situated class members by the hour.  This, in turn, would require Universal to pay more in overtime expenses when considering any one similarly situated potential named plaintiff.  *See* Dkt. No. 7-8.  For example, assuming similar work periods in the future, and, as Spears alleges, such field inspectors work 60 hours per week, Universal would have to pay at least one potential class member in excess of $75,000.  *See* Dkt. 7-8 at pp. 7-8.  Thus, the amount in controversy is satisfied whether considering Spears' individual claim or the cost to Universal of changing the way it computes and pays overtime to

any one similarly-situated potential plaintiff class member.   For these reasons, diversity removal jurisdiction exists and, therefore, Spears' motion to remand must be denied.

> **6.     Even if the Court Relies On Spears' Post-Removal Declaration And Universal Employs Plaintiff's Methodology, The Amount in Controversy Still Exceeds $75,000.**

In addition to the foregoing, even if the Court considers Spears' Declaration and Universal employs his methodology (except the "working 24/7" part) in determining the amount in controversy, it is not only possible, but likely, that the amount in controversy exceeds $75,000.

Spears' declaration sets forth in conclusory fashion that he worked for Universal less than six months.  Spears does not assert ***when*** his alleged six month employment period in Illinois began;  he only states he worked for Universal from April 2005 to November 22, 2010. Therefore, it is entirely plausible that Spears worked for Illinois beginning in April of 2005. Consequently, Spears' penalty damages would accrue as early as May 2005 (one month following a the pay period in which he allegedly was not paid overtime), which means he incurred a 2% penalty on unpaid overtime wages consistently until the time this case was removed on November 18, 2011.   In its Motion to Remand, Plaintiff arbitrarily calculated a 2% damages fee at $30,648.22 *from July 27, 2007*.

Using Plaintiff's methodology then, even beginning six months *after* April 2005, Plaintiff could assert a penalty damages claim of 2% accruing for 73 weeks, totaling $43,024.74 ($29,469.44 *unpaid overtime* x 0.02 x 73).   If this number is added to Plaintiff's other calculations, ($29,469.44 *unpaid overtime* + $43,024.74 *penalty damages* + $12,000.00 *legal fees*), the amount in controversy would be  $84,484.18.  The foregoing analysis would not require Spears to work "24/7," as he dramatically argues.  Therefore, even considering Spears' self-serving, vague, and conclusory post-removal declaration, and using his own methodology,

the amount in controversy exceeds $75,000.00. For this reason, alone, this Court has jurisdiction.

**B.     Federal Question Jurisdiction Exists Under The Substantial Federal Question Doctrine.**

Plaintiff has not cited <u>any</u> controlling Seventh Circuit case law which finds that the elements of the Illinois Minimum Wage Law do not raise a substantial federal question. While other jurisdictions have addressed this issue, the Seventh Circuit and the Illinois district courts have not. For the reasons set forth below, this Court should find that the IMWL does incorporate a substantial federal question as an element of the cause of action.

Under the substantial federal question doctrine, a state-law created cause of action can support federal question removal, notwithstanding the absence of a federal claim in the plaintiff's complaint or complete preemption, when: (1) the state law claim necessarily raises a stated federal issue; (2) that federal issue is substantial and disputed; and (3) the federal court can entertain the case without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005); *Fuller v. BNSF Railway Co.,* 472 F.Supp.2d 1088, 1094 (S.D. Ill. 2007).

A close reading of Spears' motion reveals the foregoing elements are not really disputed. For example, Spears does not dispute that whether he and other class members are "employed in a bona fide executive [or] administrative . . . capacity . . . as defined by or covered by the Federal Fair Labor Standards Act of 1938" is a federal question. *See* Pl's Response, Dkt. No. 4, pp. 2-6. Spears also does not dispute that the IMWL expressly requires the resolution of such question; thus, the stated federal issue is substantial and disputed. *Id.* Spears also fails to explain how, in view of the concurrent jurisdiction shared by the FLSA and the IMWL, a group of cases in which

14

a federal white collar exemption would apply would upset any identifiable "congressionally approved balance of federal and state judicial responsibilities." Instead, Spears argues federal question removal jurisdiction is precluded by the federal defensive plea doctrine and the amendments to the white collar exemption duties test.[6] Universal addresses each element of the substantial federal question test as well as Spears arguments.

### 1. The Illinois Administrative Code Further Demonstrates That The IMWL Incorporates and Defers to the Provisions of The FLSA

Although Plaintiff has cited to case law in other jurisdictions finding that the exemptions under the FLSA contained in the state wage law did not constitute a substantial federal question, the Courts in those decisions did not discuss the impact of the administrative regulations interpreting those wage laws. The regulations contained within the Illinois Administrative Code set forth the intent behind the laws they interpret. The regulations interpreting the IMWL demonstrate that the legislature's intent of the IMWL was to incorporate the provisions of the FLSA in applying the cause of action.

The Illinois Administrative Code expressly states that in applying the IMWL, the functions and powers of the Department of Labor and the Director under the Minimum Wage Law shall be exercised in cooperation with the functions and powers of the U.S. Department of Labor under the Fair Labor Standards Act of 1938, as amended. 56 Ill. Adm. Code 210.100 (2012).[7] The Illinois Administrative Code provides further that "where the State and federal

---

[6]     Determining whether an employee is an exempt executive or administrative employee requires the satisfaction of two tests: (1) the duties test and the (2) salary basis test. *See, e.g.,* 29 C.F.R. § 541.100 and 541.200 (the executive and administrative duties tests, respectively) and 541.600 and 541.602 (the salary basis test). The IMWL adopted the pre-2004 amendment duties tests but follows the current salary basis test. *See* 820 ICLS 105/4a.

[7]     In its Answer and Affirmative Defenses (Dkt. No. 3), Defendant has asserted as an affirmative defense that Plaintiff lacks standing to bring the instant lawsuit. One of the bases in which Defendant lacks standing is his failure to exhaust administrative remedies. Pursuant to the Illinois Administrative Code, "[a]ll employers subject to the provisions of the Act and all person aggrieved by reason of an alleged violation of the Act shall address all

governments have concurrent powers under their respective statutes, the stricter of the two laws prevail." *Id*.  It was the Illinois legislature's decision to incorporate and interpret the provisions of the  FLSA when applying the IMWL.  Accordingly, this Court must keep the legislature's intent as to the application of the IMWL when determining whether the IMWL incorporates a substantial federal question as an element to establishing relief thereunder.  Universal is not attempting to federalize the IMWL.  Rather, the Illinois legislature has already decided to do so.

**2.     The Plain Language of the IMWL Clearly Requires The Resolution Of A Federal Issue.**

The plain language of the IMWL clearly raises a federal issue.  The overtime provisions of the Illinois Minimum Wage Law, provide, in relevant part:

> Sec. 4a. (1) Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.
>
> (2) The provisions of subsection (1) of this Section are ***not applicable*** to:
>
> * * *
>
> E. ***Any employee employed in a bona fide executive, administrative or professional capacity, including any radio or television announcer, news editor, or chief engineer, as defined by or covered by the*** <u>***Federal Fair Labor Standards Act***</u> ***of 1938 and the rules adopted under that Act, as both exist on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations*** as proposed in the Federal Register on March 31, 2003 or a greater amount of salary as may be adopted by the United States Department of Labor.

---

communications, complaints, applications and correspondence to the Department's Chicago office." 56 Ill. Adm. Code 210.160 (2012).

820 ILCS 105/4a (emphasis added).  As previously noted, Spears does not contest this issue.  And, unlike the line of state-law tort claims cases relied on by Spears, the plain language of the IMWL expressly states and invokes the federal issue.

### 3.     The Stated Federal Issue Is Substantial and Disputed.

The plain language of the IMWL, quoted above, excludes relief to individuals determined to be exempt executive and administrative employees by the Department of Labor and FLSA. Thus, contrary to Spears' argument, the federal issue is more than just "present," it is a disputed issue that will determine liability under the IMWL.  *See, e.g., Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007)("defendants do not contend, nor did the district court find, that resolution of this suit revolves around any particular disputed federal issue"); *Napoleon Hardwoods v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 823 (7th Cir. 1993)(defendant arguably stated federal element of state breach of contract claim by arguing federal COBRA regulation precluded liability, but liability under COBRA was *not* disputed).

### 4.     Because the FLSA Also Provides Private Cause Of Action, The Balance Of Judicial Responsibilities Would Not Be Disturbed.

In addition to the foregoing, exercising federal question removal jurisdiction would not upset any congressionally approved balance of federal and state judicial responsibilities.  Cases evaluating this element have declined federal question jurisdiction where the federal statute at issue did not create a federal cause of action.  *See Fuller*, 472 F.Supp.2d at 1095.  Indeed, the FLSA and IMWL have concurrent jurisdiction over the stated federal issue.

### 5.     A Federal Defensive Plea Is Precluded From Serving As A Basis For Removal When the Claim Rests Only On State Law.

Universal agrees that a defensive plea would not normally invoke federal question jurisdiction.  *See City of Chicago v. Comcast Cable Holdings, L.L.C.,* 384 F.3d 901, 904 (7th Cir.

2004).  But this doctrine applies where the claim itself rests on state or local law.  *Id.*  That is not the case here.

By expressly excluding coverage under the IMWL overtime statute to those determined to be exempt executive and administrative employees, Spears' IMWL overtime claim does not rest on the IMWL, it depends on the meaning of federal law and regulations.  *Id* (federal defense does not supply jurisdiction if the claim itself rests on state or local law).  Furthermore, the line of cases precluding federal question based on a defense, including those relied on by Spears, do not preclude federal question removal jurisdiction based on a state statute that expressly conditioned relief on the meaning of a federal statute and regulations; those cases stand for the proposition that a defensive plea not otherwise stated in state law claim cannot support federal question jurisdiction.  *See, e.g., Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)(defensive plea of claim preclusion not sufficient to raise federal court).

The case *Wiley v. Trendwest Resorts, Inc.* supports Universal's request for removal on substantial federal question grounds.  2005 U.S. Dist. LEXIS 35568 (N.D. Ca. May 3, 2005).  In *Wiley*, the plaintiff employees, on behalf of themselves and others similarly situated, sued the defendants for restitution for overtime pursuant to California Business and Professions Code §17200. *Id.* at *2.  While the defendant admitted that the plaintiffs had brought their claim under the California statute and not the Fair Labor Standards Act, the defendant contended "that the 'artful pleading doctrine'[8] preclude[d] Plaintiffs from avoiding federal jurisdiction simply by casting in state law terms a claims that actually is based on federal law."  *Id.* at *4.   The Court held that the plaintiffs "failed to show that their right to relief d[id] not necessarily depend on the resolution of a substantial question of federal law." *Id.* at *7-8.  The Court further explained:

---

[8]     The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction' by recharacterizing a plaintiffs state law claim as a federal claim. *Id.* at *5.

18

> Although Plaintiffs argue that their first cause of action is predicated on a "well-settled portion" of the FLSA, Plaintiffs do not -- and cannot -- deny that their entitlement to relief under their first cause of action depends on whether the Court finds that Trendwest's sales personnel fall within the FLSA's "inside salesperson" exemption. *It is precisely this analysis that establishes federal question jurisdiction.*

[emphasis added]. *Id*. at *8. As such, like *Wiley*, Spears' claim necessarily requires the analysis of whether employees are exempt under the 820 ILCS 105/4a of the IMWL. *See also, Harper v. Massey Coal Services, Inc.*, 2011 U.S. Lexis 10891 at * 15 (S.D. W. Va. February 2, 2011)(state statute excludes employer where FLSA covers at least 80 percent of its employees).

> **6.      Spears' Argument That the IMWL Cannot Invoke Federal Question Jurisdiction Because of the 2004 Amendments Is Without Merit.**

Finally, the plain language of the IMWL demonstrates the Illinois legislature intended to apply, to current cases, the duties test that "existed on March 30, 2003" and the current federal salary basis test. Spears' argument that the 2004 amendments to the duties test preclude the application of pre-2004 DOL regulations is without merit and contrary to the express language of the IMWL.

Moreover, in support of this argument, Plaintiff relies solely on the inadmissible hearsay evidence—namely, the internet website linking to a press-release submitted by Ex-Governor Rod Blagojevich--purporting to limit the IMWL's use of the exemptions set forth in the FLSA. The IMWL and the Illinois Administrative Code interpreting the IMWL, which are the laws of Illinois, expressly define the scope of the IMWL.

**V.**
**REQUEST FOR EXPEDITED AND LIMITED**
**JURISDICTIONAL DISCOVERY**

Universal believes either diversity or federal question removal jurisdiction exits. Without waiving the foregoing, however, Universal requests time to conduct and complete limited expedited discovery on the amount in controversy issue. And, if necessary, Universal requests

19

that the court postpone any ruling on Plaintiff's motion to remand until such discovery is completed.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 953-54 (10th Cir. 2008).

**WHEREFORE,** Defendant UNIVERSAL ENSCO, INC. prays, for the reasons set forth herein, that Plaintiff Gerald Spears' Motion to Remand be denied in its entirety and for such further relief to which it is entitled.

Dated: April 2, 2012

Respectfully Submitted,

**COZEN O'CONNOR**

/s/ Charles H. Wilson
Charles H. Wilson
State Bar Number 00797678
Federal Bar No.  34581
Cozen O'Connor
1000 Louisiana, Suite 5400
Houston, Texas 77002
Telephone:  (713) 750-3100
Facsimile:  (713) 750-3101

Nicole J. Moody (ARDC #729229)
Cozen O'Connor
333 W. Wacker Dr. Suite 1900
Chicago, IL 60614
Telephone: (312)382-3100
Facsimile: (312)382-8910

Attorneys for Defendant
**UNIVERSAL ENSCO, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Defendant's Response And, Alternatively, Request for Limited Jurisdictional Discovery in Opposition to Plaintiff's Motion to Remand* was filed and served electronically upon all counsel of record below through the Court's CM/ECF electronic filing system on April 2, 2012:

/s/ Charles H. Wilson
Charles H. Wilson

20