UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD SPEARS, individually, and on behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| ) | No. 3:11-CV-1025-GPM-DGW |
| v. ) ) | |
| UNIVERSAL ENSCO, INC., ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF REMAND AND BRIEF IN SUPPORT**

**1.     SUMMARY AND EXPLANATION OF CIRCUMSTANCES MERITING A REPLY.**

Most of Universal's response does not merit a reply.  For example, the argument that the Court must consider Spears' entire employment with Universal – rather than his time in Illinois – in calculating his Illinois Minimum Wage Law (IMWL) claim is implausible under both the language of the complaint and Seventh Circuit precedent.  *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("The district court properly rejected SCI's unsupported argument that the proposed class must include more than 10,000 employees of SCI and its subsidiaries simply because the complaint does not limit the class only to employees within Illinois.").  It is equally clear that only Spears' claim – not those of unnamed class members--count towards the jurisdictional minimum.[1]

However, Universal raises new arguments in its response.  It asks the Court to retain jurisdiction – not based on the claim Spears' did allege – but based on a cause of action Universal suggests he might allege, someday, maybe.  Universal even uses this un-alleged claim to assert Spears' damages exceed $75,000.  While raising new arguments in its fourth filing on the subject of removal is improper, these arguments are easily refuted in this brief reply.  Because these arguments are no better than the others Universal has raised, this Court should remand this case to state court.

---

[1]     *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 365 (1921); *see also*, *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (explaining that unnamed class members are not parties for purposes of determining diversity jurisdiction); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997) ("At least one named plaintiff must satisfy the jurisdictional minimum.") (emphasis added); *In re Amino Acid Lysine Antitrust Litig.*, 927 F. Supp. 273, 276 (N.D. Ill. 1996) ("[T]here is no room for argument, as a matter of either logic or precedent, that … the amount in controversy is to be determined on any basis other than what is in dispute between those name litigants (and not between some absent plaintiff class member and the targeted defendant).") ; *see also, Med-Surg Group, Inc. v. Aetna Health Mgmt., Inc.*, 2011 WL 6337775, at *3 (S.D.W. Va. Dec. 19, 2011) (The "amount in controversy for an unnamed plaintiff in a potential class action cannot be used to confer jurisdiction on the federal court."); *Izumi v. Cox Commc'ns Las Vegas, Inc.,* 2011 WL 5854618, at *2 (D.Nev. Nov. 21, 2011) (same); *Eufaula Drugs, Inc. v. Tmesys, Inc.,* 432 F.Supp.2d 1240, 1245 (M.D.Ala.2006) (same); *Clean Air Council v. Dragon Int'l Grp.,* 2006 WL 2136246, at *5 (M.D.Pa. July 28, 2006) (same).

**2.     UNIVERSAL CANNOT SUPPORT REMOVAL BASED ON UN-ALLEGED CLAIMS.**

"Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810 at n. 6 (1986). A plaintiff is the "master" of his complaint. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Thus, removal jurisdiction must be based on the claims a plaintiff has made – not those the defendant alleges he could make. Otherwise, a defendant could remove any state law case involving conduct that also violates federal law on the theory that the plaintiff *might* someday amend to allege a federal cause of action.

In this case, Universal admits "Spears' claim is currently limited to [violation of] the IMWL[.]" *See* Doc. 19, p. 7. However, Universal nonetheless argues diversity jurisdiction exists because Spears "could amend his complaint to seek a longer statute of limitations" under the "Illinois Minimum Wage Payment Act [sic]."[2] *Id.* Universal goes so far as to calculate damages based on the longer statute of limitations available under this un-alleged claim (or, at the very least, for time *outside* the statute of limitations permitted by the IMWL claim Spears did allege). *Id.* at p. 13-14. Because "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced[,]" these arguments lack all force. *Merrell Dow Pharmaceuticals Inc*, 478 U.S. at 810 at n. 6.

The *Oshana* case cited by Universal is not to the contrary. *See* Doc. 19, p. 7 (citing *Oshana*, 472 F.3d at 512). In that case, the cause of action alleged by the plaintiff permitted the recovery of punitive damages and the plaintiff refused to admit she would not seek these damages. *Oshana*, 472 F.3d at 512. "Oshana's refusal to admit she would not seek more than

---

[2]     There is no "Illinois Minimum Wage Payment Act." Spears assumes Universal is actually referring to the Illinois Wage Payment and Collection Act. *See, e.g., Blomberg*, 639 F.3d at 762 (cited by Universal at Doc. 19, p. 7).

2

$75,000 in compensatory damages, disgorged profits (recoverable individually), punitive damages, and attorneys' fees [made] it plausible that more than $75,000 was at stake." *Id.*

Unlike the plaintiff in *Oshana,* Spears accounted for every element of damage available under his IMWL cause of action *and* assumed the facts in the light most favorable to removal jurisdiction. *See* Doc. 13, p. 13-16. Indeed, Spears did not "arbitrarily calculate" his damages from July 27, 2007. *See* Doc. 19, p. 13. Rather, as explained in Spears' complaint (Doc. 2-1, at n .2) and his motion to remand (Doc. 13, p. 15), Spears calculated his damages from the outside limit for his IMWL claim (*i.e.,* from the date the most favorable to Universal's removal effort). Even still, Spears' claim was for less than $75,000. *See* Doc. 13, p. 13-16. Thus, unlike the *Oshana* plaintiff, Spears has fully accounted for all the damages available in his IMWL claim and the damages do not reach the jurisdictional minimum. Therefore, Universal cannot meet its "burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000." *Shaver ex rel. Ford v. Odell*, 2012 WL 1077414 (S.D. Ill. Mar. 30, 2012).

**3.  CONCLUSION.**

Even considering Universal's latest arguments in favor of removal, jurisdiction is lacking. The Court should remand this case to state court and award Spears his costs.

Dated: February 29, 2012.

                                               Respectfully submitted,

                                               **/s/ Douglas M. Werman**
                                               _____
                                               One of the Attorneys for Plaintiff

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

Douglas M. Werman
**WERMAN LAW OFFICES PC**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

## CERTFICATE OF SERVICE

    A copy of the foregoing was served all counsel of record via the Court's ECF system on the date stamped above.

    /s/ **Douglas M. Werman**
    _____
    Douglas M. Werman