IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD SPEARS, Individually, and on behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL NO. 11-1025-GPM-DGW |
| vs. | )<br>) |
| UNIVERSAL ENSCO, INC., | )<br>) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Before the Court is Plaintiff, GERALD SPEARS, Individually, and on behalf of All Others Similarly Situated ("Plaintiffs") motion to remand to state court. (Doc. 13).

Plaintiffs originally filed this class action lawsuit asserting violations of the Illinois Minimum Wage Law Act ("IMWL") in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, Case No. 11-L-1057. (Doc. 2-1). Plaintiffs' Complaint alleges that Defendant, UNIVERSAL ENSCO, INC. ("Universal"), violated the IMWL by allegedly failing to compensate Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of 40 hours per week. (Doc. 2-1).

On November 18, 2011, Universal removed the action to this Court under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332(a) (diversity jurisdiction). (Doc. 2). On December 19, 2011, Plaintiffs moved to remand the case back to state court. (Doc. 4). On February 1, 2012, Universal amended its Notice of Removal. (Doc. 11). As a result, Plaintiffs filed an

additional motion remand on February, 29, 2012. (Doc. 13). On April 2, 2012, Universal responded to these motions for remand and, alternatively, requested limited jurisdictional discovery. (Doc. 19). On April 16, 2012, Plaintiffs filed a reply brief. (Doc. 20). A hearing on the motion to remand took place on April 26, 2012, and it was brought to the Court's attention that Mr. Spears' citizenship at the time of filing his Complaint was in dispute. (Doc. 24). Likewise, Mr. Spears was deposed strictly as to the question of citizenship on May 21, 2012. (Doc. 34-1).

Universal argues that federal question jurisdiction exists in this case because a substantial, disputed question of federal law is a necessary element of Plaintiffs' claim. (Doc. 19). This is so, Universal argues, because Plaintiffs' entitlement to relief under the IMWL depends on the determination of whether he or she is "employed in a bona fide executive [or] administrative" capacity as defined by the FLSA. (Doc. 19).

In general, federal courts have original jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of federal question jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is master of the complaint...and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). This rule requires that a complaint state a claim for relief under federal law. *See Bennett v. Southwest Airlines Co.*, 493 F.3d 762, 763 (7th Cir. 2007) ("[J]urisdiction depends on the claim for relief rather than potential defenses"). As Justice Holmes

explained, "a suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007).

The Court recognizes that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). The Court also recognizes that "[s]ection 1331 does not permit a defendant in state litigation to obtain a federal court's resolution of each federal point that may crop up." *Jaskolski v. Daniels*, 427 F.3d 456, 459 (7th Cir. 2005). The influence of federal law on the outcome of a suit is not enough to support "arising-under" jurisdiction. *Bennett*, 484 F.3d at 910. To ascertain whether a state claim can be removed to a federal court, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

The issue here is whether Plaintiffs claim actually arises under federal law. Universal contends that the language of the IMWL raises a federal issue because the overtime provisions exclude relief to individuals determined to be exempt executive and administrative employees by the Department of Labor and FLSA. (Doc. 19). The IMWL's overtime regulations provide that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." 820 ILCS § 105/4a. The former regulations went on to provide for exclusions, stating that the above mentioned provision did not

apply to certain employees defined by or covered by the FLSA. 820 ILCS § 105/4a.

The Court does not view this exclusion as being integral to Plaintiffs' claim under the IMWL. A "claim does not arise under federal law merely because a state law incorporates federal law by reference." *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1239 (7th Cir. 1984). The exclusion is not a necessary element of Plaintiffs' claim, but rather more accurately characterized as an affirmative defense. In fact, Universal's Answer to Plaintiffs' Complaint lists the exemption among its "Affirmative Defenses." (Doc. 13). " A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1999). Because the exclusion is not integral to Plaintiffs' claim, the Court finds that Plaintiffs' claim does not "arise under federal law" for purposes of federal question jurisdiction.

Further, diversity jurisdiction does not exist in this case. Originally, when Mr. Spears filed his complaint, he stated that he "resides in and is domiciled within" the state of Illinois. (Doc. 2-1). The action was removed to this Court on November 18, 2011, and one of the bases for removal was diversity jurisdiction. (Doc. 2). At the April 26, 2012 hearing, it was brought to the Court's attention that the parties disputed the true citizenship of Mr. Spears. (Doc. 24). This resulted in the May 12, 2012 deposition of Mr. Spears for purposes of establishing citizenship. (Doc. 34-1). Later, at the status conference that took place on June 4, 2012, it was concluded by the Court that Mr. Spears was actually a citizen of Texas when he filed his Complaint.

Pursuant to 28 U.S.C. § 1332, diversity of citizenship jurisdiction exists when: (1) there is complete diversity of citizenship between the parties; and (2) the actual amount in controversy

exceeds $75,000.  To base a claim on the diversity jurisdiction of the federal courts, there must be complete diversity between all the plaintiffs and all the defendants.  *Kauth v. Hartford Ins. Co. of Illinois*, 852 F.2d 951, 958 (7th Cir. 1988).  A corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c).  The relevant time for considering the existence of diversity jurisdiction is the moment the action is filed.  *See* Fed.R.Civ.P. 3; *Fidelity & Deposit Company of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983).

 After discovery on the issue of citizenship, it is apparent that complete diversity does not exist.  Plaintiffs' attorney told the Court on the record at the June 4, 2012 hearing that he mistakenly alleged that Mr. Spears was a citizen of Illinois.  Mr. Spears testified  under oath that, at the time this suit was filed, he was registered to vote in the state of Texas, that his driver's license was issued in the state of Texas, and that the only property that he owned was in Texas.  (Doc. 34-1).  These facts collectively establish that Mr. Spears was a citizen of Texas at the time he filed his Complaint. Furthermore, Universal is a Delaware Corporation with its principal place of business in Texas. (Doc. 2).  It follows then that Universal is considered to be citizen of both the state of Delaware and the state of Texas.  It is clear to the Court that Plaintiffs and Universal share citizenship in the state of Texas and, therefore, complete diversity does not exist pursuant to 28 U.S.C. § 1332.

 To conclude, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St, Clair County, Illinois, for lack of federal subject matter jurisdiction.  All pending motions in this case are **DENIED as moot**.  The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: June 6, 2012

_____
G. PATRICK MURPHY
United States District Judge